UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| VICTORIA SUE ELLIOTT, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| vs. ) | CAUSE NO. 1:11-CV-304-RLM-RBC |
| ) | |
| CAROLYN W. COLVIN,[1] ) | |
| COMMISSIONER OF THE SOCIAL ) | |
| SECURITY ADMINISTRATION, ) | |
| ) | |
| DEFENDANT. ) | |

OPINION and ORDER

Plaintiff Victoria Sue Elliott[2] seeks judicial review of the Commissioner of Social Security's final decision denying her application for Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381, *et seq.* The court has jurisdiction over this action under 42 U.S.C. §§ 405(g) and 1383(c). For the reasons that follow, the court affirms the ALJ's denial of benefits.

Ms. Elliott applied for SSI benefits on December 22, 2008, alleging an onset date of February 23, 2005 due to a number of issues including coronary artery disease, anemia, ischemia, esophagitis, chronic obstructive pulmonary disorder, and tachycardia arrhythmia. (AR 17, 55). Her application was denied

---

[1] Carolyn W. Colvin, as Michael J. Astrue's successor, is automatically substituted as a party. FED. R. CIV. P. 25(d).

[2] The court will spell Ms. Elliott's name with two t's, as it appears in her medical records and Social Security Administration documents.

initially, on reconsideration, and after an administrative hearing at which she was represented by counsel. At that hearing, the administrative law judge heard testimony from Ms. Elliott and vocational expert James J. Radke. The ALJ found that Ms. Elliott's impairments, though severe, didn't prevent Ms. Elliott from performing her past relevant work as a factory worker and cashier, so she was not disabled within the meaning of the Act. *See* 20 C.F.R. § 416.920(f) (2013). The Appeals Council denied review of the ALJ's decision, making the ALJ's decision the final determination of the Commissioner. 20 C.F.R. § 416.1481 (2013).

The court must affirm the Commissioner's determination if it is supported by substantial evidence, 42 U.S.C. § 405(g); Scott v. Astrue, 647 F.3d 734, 739 (7th Cir. 2011), which means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); *see also* Jones v. Astrue, 623 F.3d 1155, 1160 (7th Cir. 2010). The court can't re-weigh the evidence, make independent findings of fact, or substitute its own judgment for that of the Commissioner, Simila v. Astrue, 573 F.3d 503, 513 (7th Cir. 2009), but in reviewing the ALJ's conclusions, "[t]he court will conduct a critical review of the evidence, considering both the evidence that supports, as well as the evidence that detracts from, the Commissioner's decision, and the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." Briscoe v. Barnhart, 425 F.3d 345, 351 (7th Cir. 2005). The ALJ isn't required "to

address every piece of evidence or testimony presented, but must provide a 'logical bridge' between the evidence and the conclusions so that [the court] can assess the validity of the agency's ultimate findings and afford the claimant meaningful judicial review." Jones v. Astrue, 623 F.3d 1155, 1160 (7th Cir. 2010).

This appeal concerns the ALJ's evaluation of the findings of Ms. Elliott's treating physician, Dr. Thomas Ryan. First, Ms. Elliott says the ALJ didn't properly describe Dr. Ryan's specialty and the length and frequency of his treatment of Ms. Elliott when he determined the weight to give Dr. Ryan's opinion. Second, Ms. Elliott argues the ALJ didn't give adequate weight to Dr. Ryan's opinion. Lastly, Ms. Elliott contends the ALJ should have contacted her treating physician for more information about her work-related limitations.

The ALJ utilizes the factors found in 20 C.F.R. § 416.927(c) to determine the appropriate weight to afford a medical opinion. These factors include the nature and history of the claimant-doctor relationship (such as whether the doctor has examined or treated the claimant and how frequently and for what length of time), the extent to which medical signs and laboratory findings support the doctor's opinions, the opinion's consistency with the record, and the doctor's specialty. 20 C.F.R. § 416.927(c) (2013). Ms. Elliott says the ALJ didn't consider any of these factors when evaluating Dr. Ryan's opinion. The Commissioner contends the ALJ considered the factors when he noted that Dr. Ryan was a cardiologist who had treated and examined Ms. Elliott for some

time, reviewed the objective medical evidence found by Dr. Ryan, and stated that Dr. Ryan's findings were consistent with the residual functional capacity (RFC). (AR 57).

The Commissioner is correct. The ALJ discussed Ms. Elliott's treatment relationship with Dr. Ryan, noted Dr. Ryan's treatment records from multiple dates and years, concluded Dr. Ryan's treatment records were consistent with the RFC and so consistent with the record, and noted Dr. Ryan's specialty as a cardiologist. The ALJ considered the § 416.927(c) factors when evaluating Dr. Ryan's medical opinion.

Ms. Elliott contends the ALJ erred by not articulating the weight he assigned to that opinion. Ms. Elliott doesn't direct the court to a regulation or case law to support her argument.

Ms. Elliott disagrees with the ALJ's conclusion that when Ms. Elliott declined a recommended cardiac catheterization procedure in 2005, her "decision might indicate that the claimant's pain was not as severe as alleged, as the claimant was not willing to pursue all options to resolve the situation."[3] (AR 57). Ms. Elliott argues the ALJ's premise is conclusory and offers several alternative reasons why Ms. Elliott may have chosen to decline the catheterization, such as financial constraints and problems associated with misdiagnosis. A reasonable person could infer that Ms. Elliott's decision to

---

[3] Ms. Elliott emphasizes that she declined catheterization in April 2005, not 2006, but the court finds no error in the ALJ's decision because the ALJ noted the event occurred in April 2005. (AR 57).

forgo a treatment option may be evidence that her pain was not as severe as alleged. The ALJ stated a possible reason for her decision, and even though reasonable minds could disagree about the proposition, the court must defer to the ALJ's finding. *See* Schmidt v. Apfel, 201 F.3d 970, 972 (7th Cir. 2000). The ALJ reviewed Ms. Elliott's treatment records from 2005 through 2010, and one statement regarding Ms. Elliott's possible motives for a treatment decision in 2005 doesn't appear to have greatly impacted the ALJ's overall analysis of her medical records. When all is said and done, the ALJ's statement about Ms. Elliott's possible reasons for not undergoing catheterization is not related to the weight the ALJ gave to Dr. Ryan's opinion.

Ms. Elliott emphasizes that the ALJ gave great weight to consultative examiner Dr. Ben Williams's medical opinion, and argues that the opinion of Dr. Williams, who examined Ms. Elliott once, is not substantial evidence, especially when contradicted by the opinion of Dr. Ryan, her treating physician. Hancock v. Secretary of Dep't of Health, Educ. & Welfare, 603 F.2d 739, 740 (8th Cir. 1979). But Ms. Elliott concedes that Dr. Williams, like Dr. Ryan, expressed no opinion about work-related restrictions or functional limitations. The ALJ noted that Dr. Williams's conclusions were generally consistent with the objective medical evidence of record, which included Dr. Ryan's opinion. Ms. Elliott argues that a consultative examination cannot compare to the frequency, intensity, and duration of treatment achieved by Dr. Ryan as Ms. Elliott's treating physician. Any such comparison is beside the

point because Ms. Elliott doesn't argue that Dr. Williams's opinion contradicted Dr. Ryan's opinion.

Neither the ALJ nor the Commissioner disputes Dr. Ryan's opinion that Ms. Elliott's conditions were severe, and the parties agree that Dr. Ryan didn't identify any work-related limitations. *See* Books v. Chater, 91 F.3d 972, 978 (7th Cir. 1996) (evidentiary usefulness of physician's findings that did not include an opinion on the claimant's limitations or residual capabilities is slight). The ALJ agreed that Ms. Elliott's conditions were severe, and concluded Dr. Ryan's treatment records were consistent with the RFC and did not indicate that Ms. Elliott was more limited than the assessment. Dr. Ryan's opinion wasn't contrary to the ALJ's conclusions; affording his opinion greater weight wouldn't have changed the outcome of the ALJ's decision. The court finds no error with the ALJ's analysis of Dr. Ryan's medical opinion.

Ms. Elliott contends the ALJ did not comply with 20 C.F.R. § 416.912(e)(1)[4] because he did not re-contact Ms. Elliott's treating physician to obtain information about work-related limitations that the treating physician's reports didn't address. Section 416.912(e) states:

> When the evidence [the Commissioner] receive[s] from [the claimant's] treating physician . . . is inadequate for [the Commissioner] to determine whether [the claimant is] disabled, [the Commissioner] will need additional information to reach a

---

[4] The regulation cited by Ms. Elliott, 20 C.F.R. § 404.1512, applies to Title II claims. The Commissioner directs the court to the analogous code section for Title XVI claims, 20 C.F.R. § 416.912. The ALJ's decision was issued on July 22, 2010, and the court refers to the version of § 416.912 effective on that date and quoted by Ms. Elliott. The current § 416.912 does not contain the subsection Ms. Elliott cites, (e)(1).

determination or a decision. To obtain the information, [the Commissioner] will take the following actions. (1) [The Commissioner] will first recontact [the claimant's] treating physician . . . to determine whether the additional information [the Commissioner] need[s] is readily available. [The Commissioner] will seek additional evidence or clarification from [the claimant's] medical source when the report from [the claimant's] medical source . . . does not contain all the necessary information.

20 C.F.R. § 416.912(e) (2010).

Ms. Elliott argues that an ALJ must re-contact the claimant's treating physician to obtain the treating physician's assessment of the claimant's work-related limitations if the treating physician's reports, like Dr. Ryan's, don't contain this information because the ALJ must consider medical evidence about the claimant's ability to perform work-related tasks to make a disability determination. By this reasoning, Ms. Elliott contends the ALJ erred by not contacting Dr. Ryan for further clarification of his opinion. But the ALJ is to re-contact the medical sources only when the evidence received is inadequate to determine whether the claimant is disabled. Skarbek v. Barnhart, 390 F.3d 500, 504 (7th Cir. 2004) (§ 416.912(e)(1) (2004) is identical to § 416.912(e)(1) (2010)). Ms. Elliott's interpretation of § 416.912 is not supported by the plain language of the regulation, which begins with "[w]hen the evidence [the Commissioner] receive[s] . . . is inadequate."

The ALJ relied on the state agency expert's opinion to determine Ms. Elliott's work-related limitations. The ALJ found the RFC consistent with the state agency expert's opinion, which in turn was supported by the treatment notes of record and the objective medical record. The ALJ also found

consultative examiner Dr. Williams's conclusions to be generally consistent with the objective medical evidence of record and with the ALJ's conclusion that Ms. Elliott wasn't limited beyond the RFC. The ALJ had sufficient evidence about Ms. Elliott's work-related limitations, and acted within his discretion when he didn't seek additional information from Dr. Ryan. *See* <u>Skarbek v. Barnhart</u>, 390 F.3d 500, 504 (7th Cir. 2004).

Ms. Elliott contends that after the ALJ issued his decision, Dr. Ryan submitted additional evidence that conflicted with the RFC. She argues that, in light of the new evidence, the Appeals Council should have required the ALJ to evaluate Ms. Elliott's claim further, and the ALJ then should have re-contacted Dr. Ryan for his opinion on Ms. Elliott's work-related limitations. Ms. Elliott cites no regulations or case law to support her argument. The prior evidence of record doesn't necessarily become inadequate as a result of the introduction of new evidence, and the Commissioner would still have the discretion to decide whether to re-contact Dr. Ryan for further information.[5]

The ALJ appropriately analyzed Ms. Elliott's treating physician's opinion and was not required to seek further information from her treating physician. The ALJ's decision that Ms. Elliott is not disabled is supported by substantial evidence. For these reasons, the court DECLINES Ms. Elliott's request to

---

[5] Ms. Elliott also claims in her reply brief that the ALJ overstated her testimony, but offers no regulations or case law to support her argument. Because the argument is mentioned for the first time in Ms. Elliott's reply brief, the argument is waived. <u>United States v. Williams</u>, 436 F.3d 767, 769 (7th Cir. 2006).

reverse the ALJ's decision or remand this action for further findings and AFFIRMS the ALJ's denial of benefits.

SO ORDERED.

ENTERED:  March 28, 2013

                                                /s/ Robert L. Miller, Jr.
                                        Judge
                                        United States District Court